IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CV-151-BO

| | | |
|---|---|---|
| GRETCHEN Y. MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 33, 36]. A hearing was held on these matters before the undersigned on September 3, 2020, via videoconference. For the reasons discussed below, plaintiff's motion for judgment on the pleadings is DENIED and defendant's motion is GRANTED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her application for period of disability and disability insurance benefits pursuant to Title II of the Social Security Act. Plaintiff protectively filed an application for benefits on March 2, 2016 and alleged a disability onset date of February 1, 2016. After initial denials, plaintiff proceeded to a video hearing before an Administrative Law Judge (ALJ), which occurred on August 18, 2018. The ALJ issued an unfavorable ruling, finding that plaintiff was not disabled, which became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

2

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

After determining that plaintiff had not engage in substantial gainful activity since February 1, 2016, the ALJ found that plaintiff had severe impairments, specifically asthma, migraine headaches, bipolar disorder, anxiety disorder, and obesity, but that they did not meet or medically equal the severity of one of the listed impairments. The ALJ found that plaintiff could perform medium work with some limitations. The ALJ found that plaintiff could not perform her past relevant work as a legal assistance, receptionist, or accounting clerk, but found that, considering plaintiff's age, education, work experience, and RFC, there were jobs which existed in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled as of the date of her decision, which was October 25, 2018.

Plaintiff contends first that the ALJ erred in her RFC assessment, specifically in her assignment of weight to the opinions of Dr. Angel Vasquez, claimant's treating physician. Substantial evidence supports the ALJ's finding that plaintiff could perform medium work with

3

some additions. An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a)(3). A treating physician's opinion is entitled to controlling weight if it is both well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other medical evidence in the case record. 20 C.F.R. § 416.927(d)(2).

The ALJ afforded the opinion of Dr. Vazquez partial weight but not controlling weight, finding that Dr. Vazquez's opinions were not reasonably consistent with the weight of the overall evidence or his treatment notes. Tr. 29. The ALJ's decision in this regard is supported by substantial evidence. Dr. Vazquez repeatedly found no abnormalities on mental status evaluation except an anxious mood, and the overall course of treatment shows that the medications were effective in controlling plaintiff's symptoms, with plaintiff consistently reporting only occasional irritability and anxiety. Tr. 1905–06, 1918, 125, 1932, 1939, 1946, 1953, 1960, 1967. While plaintiff relies on appointments supporting her position, the ALJ reasonably evaluated the entire treatment history. The ALJ's decision to give only partial weight to Dr. Vazquez's opinions and conclusion that plaintiff is able to meet the limited mental demands of the work described in the RFC assessment appear to be based on the record evidence.

Plaintiff further contends that the ALJ failed to credit the testimony of the vocational expert because the hypotheticals presented to the expert did not consider all of the medically documented impairments. However, a hypothetical question to a vocational expert is unimpeachable if it adequately reflects an RFC for which the ALJ has sufficient evidence. *Fisher v. Barnhart*, 181 Fed. App'x 359, 365 (4th Cir. 2006). Here, as previously discussed, the ALJ's decision not to give controlling weight to Dr. Vazquez's opinions was based on record evidence, and the ALJ therefore

4

did not need to include the extreme limitations mentioned by Dr. Vazquez in the RFC or in her hypothetical questions to the vocational expert.

The Court finds no error in the ALJ's analysis or explanation of the weight afforded to Dr. Vazquez's opinion or the testimony of the vocational expert. The RFC finding is sufficiently supported by substantial evidence.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that the decision as a whole is supported by substantial evidence and the correct legal standard was applied. Accordingly, plaintiff's motion for judgment on the pleadings [DE 33] is DENIED and defendant's motion [DE 36] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this __19__ day of September, 2020.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE